UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD FRANCIS,

    Petitioner,

v.                                                         Case No. 8:15-cv-2205-T-36AAS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner Richard Francis, a Florida inmate, timely filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his Hillsborough County convictions. Respondent filed a response (Dkt. 7) and Francis filed a reply (Dkt. 14). Upon consideration, the petition will be DENIED.

**Procedural History**

Francis pleaded guilty to two counts of burglary of a dwelling, two counts of grand theft, two counts of criminal mischief, and one count of opposing or obstructing an officer without violence. (Dkt. 9, Ex. 2). In accordance with the negotiated plea agreement, he received an overall sentence of 15 years in prison. (Dkt. 9, Exs. 2, 3). Francis did not appeal. When Francis filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, the state court denied one claim and struck two claims with leave to amend. (Dkt. 9, Exs. 4, 5). Instead of filing an amended motion, Francis sought to voluntarily dismiss his postconviction motion without prejudice. (Dkt. 9, Ex. 6). The state court denied his request, but gave him additional time to file an amendment. (Dkt. 9, Ex. 7).

After Francis failed to timely file an amendment, the state court entered a final order denying his postconviction motion with prejudice. (Dkt. 9, Ex. 8). The state court also denied Francis's subsequent motion for rehearing. (Dkt. 9, Exs. 9, 10). The state appellate court *per curiam* affirmed the denial of postconviction relief. (Dkt. 9, Ex. 11).

**Standard Of Review; Exhaustion Of State Remedies and Procedural Default**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.").

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**Discussion**

Grounds One And Two

In Ground One, Francis argues that counsel was ineffective in failing to investigate, interview, or depose "victims and/or witnesses" and in failing to obtain "specific/pertinent information." (Dkt.

1, p. 7). He claims that victim Linda Bello would have stated that he did not burglarize her home but was only located in the backyard. Francis also argues that three officers stated in their reports that Francis was located in the backyard and that Officer Palmerton's report indicated Francis's burglary attempt was unsuccessful. He also appears to claim that counsel could have uncovered information that would show he did not actually burglarize the home of another victim, Matthew Hinnrichs, "because it possessed no curtilage/plumbing/electricity." (*Id.*, p. 10). In Ground Two, Francis argues that counsel was ineffective in failing to "preserve or invoke" his right to a speedy trial, and that he was prejudiced as a result of counsel's performance. (*Id.*, p. 14). Francis brought generalized versions of these claims in his postconviction motion. In a February 13, 2013 order, the postconviction court struck the claims with leave to amend because they were facially insufficient:

> In claim one, Defendant alleges ineffective assistance of counsel for failing to investigate, interview, or depose the victims or witnesses, and for failing to "obtain specific and pertinent information." Defendant alleges that court records reveal that counsel deposed neither the victims nor the witnesses.
>
> In claims of ineffective assistance of counsel for failing to call a witness, facially sufficient postconviction motions "must set forth four requirements: (1) the identity of the prospective witness; (2) the substance of the prospective witness's testimony; (3) an explanation as to how the omission of this evidence prejudiced the outcome of the trial; and (4) an assertion that the witness was available to testify." *Barthel v. State*, 882 So. 2d 1054, 1055 (Fla. 2d DCA 2004) (*citing Nelson v. State*, 875 So. 2d 579, 582-83 (Fla. 2004)). An ineffective assistance of counsel claim is insufficient if the defendant does not indicate what favorable information counsel could have elicited from the witness. *See Reaves v. State*, 826 So. 2d 932, 940 (Fla. 2002).
>
> The Court finds Defendant's claim to be facially insufficient. Defendant fails to identify the persons he alleges counsel should have deposed, fails to allege with any specificity what those persons would have said at their deposition, and fails to allege how he was prejudiced. *See Rosa v. State*, 27 So. 3d 230, 230-231 (Fla. 2d DCA 2010). Additionally, Defendant fails to identify with any specificity what "pertinent" information counsel should have obtained or how he was prejudiced by the lack of this information. *See Kennedy v. State*, 547 So. 2d 912, 913 (Fla. 1989) (finding that a defendant may not simply file a rule 3.850 motion containing conclusory allegations of ineffective assistance of trial counsel expecting to receive an evidentiary hearing). Accordingly, ground one of Defendant's Motion is hereby dismissed without prejudice

> to any right Defendant may have to file a facially sufficient claim subject to all the requirements and limitations of Florida Rule of Criminal Procedure 3.850 within thirty days from the date of this Order. *See Spera v. State*, 971 So. 2d 754, 761 (Fla. 2007) ("[W]hen a defendant's initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule's or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.")
>
> . . .
>
> In claim three, Defendant alleges ineffective assistance for violating his speedy trial right. Defendant alleges that under Florida Rule of Criminal Procedure 3.191, speed[y] trial begins to run when an accused is taken into custody and continues to run even if the state does not act until after the expiration of the speedy trial period.
>
> The Court finds claim three to be facially insufficient. *See Dexter v. State*, 837 So. 2d 595, 596 (Fla. 2d DCA 2003) ("Therefore, in order to show prejudice, from counsel's failure to give notice that the speedy trial period has expired, a defendant would have to allege that the State could not have brought him to trial within the recapture period."). Accordingly, ground three of Defendant's Motion is hereby dismissed without prejudice to any right Defendant may have to file a facially sufficient claim subject to all the requirements and limitations of Florida Rule of Criminal Procedure 3.850 within thirty days from the date of this Order. *See Spera*, 971 So. 2d at 761.

(Dkt. 9, Ex. 5, pp 16-18) (court's record citation omitted).

In a May 15, 2013 order, the state court denied Francis's request to dismiss his motion without prejudice, but gave him additional time in which to file an amended motion. (Dkt. 9, Ex. 7). When Francis did not timely amend his claims to cure the deficiencies, the state court denied the claims with prejudice:

> As of the date of this Order, Defendant has not filed an amended motion correcting the pleading deficiencies in claims one and three of his December 10, 2012 Motion for Postconviction Relief in accordance with the Court's February 13, 2013 and May 15, 2013 Orders. Accordingly, claims one and three of Defendant's Motion for Postconviction Relief are denied with prejudice.

(Dkt. 9, Ex. 8, p. 45) (court's footnote omitted).

Francis moved for rehearing, providing information about the witnesses he claims counsel

should have investigated and specifically alleging that he was prejudiced as a result of counsel's failure to alert the court to the expiration of the speedy trial period. (Dkt. 9, Ex. 9). The state court denied his motion for rehearing, finding that its final order of denial "adequately addressed Defendant's motion for postconviction relief." (Dkt. 9, Ex. 10, p. 71).

Francis now presents in his federal habeas petition the more detailed claims that he raised in his state court motion for rehearing. These claims are unexhausted because he did not fairly present them to the state court. The state court identified the defects in his initial presentation of the claims and provided him opportunities to amend his claims. But Francis failed to bring the amended claims in a proper, timely Rule 3.850 amendment, and presenting them in a motion for rehearing was contrary to state procedure. *See Cave v. State*, 899 So.2d 1042, 1052 (Fla. 2005) (finding that a claim was not properly presented when it was raised in state court "for the first time in [a] motion for rehearing following the circuit court's order denying relief" rather than in a timely postconviction motion); *Reid v. State*, 745 So.2d 363, 364 (Fla. 4th DCA 1999) (a motion for rehearing that was "in reality, an amended 3.850 motion filed after the court had already denied the initial motion . . . was successive."). *See also Prevost v. State*, 972 So.2d 274, 275 (Fla. 1st DCA 2008) (if a movant fails to timely amend his facially insufficient claims, "the denial of [those claims] may be with prejudice.").

Accordingly, because Francis did not properly present his federal claims to the state court, they are unexhausted. *See, e.g., Boerckel*, 526 U.S. at 848 ("[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.,* whether he has fairly presented his claims to the state courts.") (emphasis in original); *Bailey v. Nagle*, 172 F.3d 1299, 1302 (11th Cir. 1999) ( "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."). Because Francis cannot return

to state court to present the claims in an untimely postconviction motion, *see* Fla. R. Crim. P. 3.850(b), they are procedurally defaulted. *See id.* at 1303; *see also Smith*, 256 F.3d at 1138.

In his federal habeas petition, Francis acknowledges his failure to exhaust the claims by properly presenting them in state court, and asserts that he has met the cause and prejudice exception to excuse the resulting procedural default. (Dkt. 1, pp. 5-7). He states that he received the court's orders providing him opportunities to amend his claims, but that he was unable to obtain prison law clerk assistance in preparing an amendment. Francis also states that he was ignorant of the law and unable to represent himself. His ignorance of the law as a *pro se* litigant and his inability to secure prison law clerk assistance do not constitute cause. *See, e.g., Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("[I]gnorance of available post-conviction remedies cannot excuse a procedural default"); *McCoy v. Newsome*, 953 F.2d 1252, 1258 (11th Cir. 1992) (neither a lack of legal education nor *pro se* status constituted cause for petitioner's procedural default); *Harmon v. Barton*, 894 F.2d 1268, 1275-76 (11th Cir. 1990) (a petitioner's *pro se* status was insufficient to establish cause); *Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir. 1990) (misadvice from inmate law clerks during collateral proceedings does not establish cause). Accordingly, Francis does not establish cause and prejudice to overcome the default.

Francis argues that the Court's failure to review his claims on the merits would constitute a fundamental miscarriage of justice. To the extent he intends to argue that the fundamental miscarriage of justice exception applies to overcome the default, his argument must fail. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995) Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove his innocence, Francis must present "new reliable

evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Because Francis has not presented any new, reliable evidence showing that he is actually innocent, he does not establish the applicability of the fundamental miscarriage of justice exception. As neither exception applies to overcome the default, Grounds One and Two are barred from review.

Additionally, within Ground Two, Francis appears to argue that the state court erred in not conducting an evidentiary hearing on his postconviction motion. To the extent he intends to bring a separate ground for relief, his claim is not cognizable on federal habeas review. *See Anderson v. Sec'y, Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) ("We have held the state court's failure to hold an evidentiary hearing on a petitioner's 3.850 motion is not a basis for federal habeas relief." (citing *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987))).

Francis's Reply

In his reply, Francis for the first time alleges that counsel was ineffective in misadvising him to reject the State's ten-year plea offer. Francis may not bring a new claim in his reply. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[The court does] not address arguments raised for the first time in a *pro se* litigant's reply brief. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). Timson, thus, has abandoned this issue."). The Court also notes that this claim is unexhausted because Francis did not raise it in state court, and is now procedurally defaulted and barred from review. (Dkt. 9, Ex. 4). Further, as addressed, Francis has not shown applicability of the cause and prejudice and fundamental miscarriage of justice exceptions to excuse the procedural default.

Accordingly, it is ordered that:

1. Francis's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Francis and to close this case.

3. Francis is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Francis "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Francis has not made this showing. Because Francis is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on June 22, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Richard Francis
Counsel of Record